**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 8, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60477
Summary Calendar
_____

RUBEN PEREIRA; VILMA ESPERANZA SOLIS-RIVERA;
RUBEN ALBERTO PEREIRA-SOLIS; VILMA VIOLETA
PEREIRA-SOLIS,

                                        Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

* * * * * * * * *
CONSOLIDATED WITH
02-60478
* * * * * * * * *

ROBEL PEREIRA-SOLIS,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.
--------------------
Petition for Review of Orders of the
Board of Immigration Appeals
BIA No. A73 756 832
BIA No. A73 756 834
BIA No. A73 756 836
BIA No. A73 756 837
BIA No. A76 226 680
--------------------
Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Ruben Pereira, his wife, and his children (collectively, the Pereiras) petition for review of the decision of the Board of Immigration Appeals (BIA) summarily affirming the immigration judge's decision to deny their application for asylum and for a withholding of deportation. They argue that the summary affirmance procedures of the BIA, as codified at the time of their hearing under 8 C.F.R. § 3.1(a)(7)(ii),[**] deprive them of meaningful judicial review and deny them due process. Their contentions are without merit. See Soadjede v. Ashcroft, ___ F.3d ___ (5th Cir. Mar. 28, 2003), 2003 WL 1093979.

The Pereiras also assert that the BIA violated 8 C.F.R. § 3.1(a)(7)(ii) because it affirmed the decision of the immigration judge despite the fact that the immigration judge committed material errors. This is in effect a challenge to the merits of the immigration judge's decision. Even if it is assumed that the immigration judge did not consider their documentary evidence detailing the conditions in Guatemala during the 1980s and at the time of their departure (despite having considered other documentary evidence presented before the hearing), the Pereiras have not shown that this general

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] The regulation is currently codified under 8 C.F.R. § 1003.1(a)(7)(ii).

information was sufficient to overcome the flaws in the evidence presented in the application and at the hearing. The Pereiras likewise have not established that Ruben Pereira's membership in a particular social group, resulting from his position as a former national police officer, is sufficient to overcome that evidence, in light of the fact that Ruben Pereira stayed on relatively amicable terms with the police while working as a truck driver. We have reviewed the record and the briefs and determine that the decision is supported by substantial evidence. See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). The petition for review is DENIED.